IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN BARRETT | : | CIVIL ACTION |
| | : | NO. 2:14-CV-01103 |
| v. | : | |
| | : | |
| PENNSYLVANIA STEEL | : | |
| COMPANY, INC. | : | |

O'NEILL, J.                                                                          July 21, 2014

## MEMORANDUM

Now before me is defendant Pennsylvania Steel Company, Inc.'s motion to dismiss the amended complaint of plaintiff Sean Barrett for failure to state a claim upon which relief can be granted. For the reasons that follow, I will deny Pennsylvania Steel's motion.

## BACKGROUND

Plaintiff Sean Barrett is an adult male previously employed as an operations specialist by defendant Pennsylvania Steel to work in the "office" portion of its Bensalem Pennsylvania facility. Am. Compl. ¶ 11-14. Defendant employed plaintiff for only three months after which he was fired. Id. at ¶ 13. Plaintiff alleges that he was made fun of and sexually harassed because he did not participate in cursing or engage in crude banter as did his male co-workers from the "shop" portion of the facility. Id. at ¶ 15-18. Plaintiff alleges that this mockery was a result of his not fitting the male stereotype of being sexually explicit and crude and states that the harassment included being asked if he wanted a "hand job," told crude jokes and his being called a "pussy," "Mary" and "gay." Id. at ¶ 11-14. Plaintiff also claims other employees asked each other if they wanted to give plaintiff a "hand job" and they repeated and played recordings of sexually explicit jokes to him. Id.

Plaintiff alleges that he told those employees who were harassing him that he considered

the behavior offensive and requested that it stop, at which point the harassment worsened. Id. at ¶ 21-22. Plaintiff then complained to his supervisor, Rebeca Carmen, explaining in detail the allegedly discriminatory conduct, noting that he felt it was based on his sex and requesting that it stop immediately. Id. at ¶ 23-24. Plaintiff alleges Carmen encouraged him to lock his office door so that shop employees could not enter. However, when plaintiff took this advice he was further harassed and his office door was nearly broken down. Id. at ¶ 25-26.

Dan McMullan, the owner of Pennsylvania Steel told plaintiff that he would be terminated if he was involved in any more workplace incidents and banned him from locking his door, despite having been informed by plaintiff that plaintiff was being discriminated against and harassed. Id. at ¶ 28-29. Plaintiff claims that he was then subjected to worsening sexual harassment by the other employees and that he continued to complain to Carmen about the behavior. Id. at ¶ 30-32.

In March of 2013, Carmen gave plaintiff a positive performance review and he again complained that he was being harassed. Id. at ¶ 33-34. Three days after this review, plaintiff and another coworker had an "incident" at work in which plaintiff was allegedly threatened with physical harm. Id. at ¶ 36. Defendant's management told plaintiff to go home because he was repeatedly causing problems. Id. at ¶ 37. The next morning plaintiff was fired for "being the common denominator" in many workplace incidents. Id. at ¶ 39.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

I.      **Counts I and III: Gender Stereotyping Claims Under Title VII and the PHRA**

Plaintiff asserts claims for sexual harassment against defendant under Title VII and the PHRA.[1] To establish his claim for discrimination under Title VII plaintiff must demonstrate that:

> (1) [h]e suffered intentional discrimination because of his gender; (2) the discrimination was severe or pervasive; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) there is a basis for employer liability.

Mellor v. Atkinson Freight Lines Corp. of Pa., No. 11-5468, 2012 WL 1231845 at *3 (E.D. Pa. Apr. 12, 2012). When considering the first criteria it is important to note that Title VII does not "set forth 'a general civility code for the American workplace.'" Id., quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). A violation of Title VII will only be found when the "conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] . . . because of . . . sex.'" Id., quoting Oncale, 523 U.S. at 80. As both the employees charged with harassing behavior and the alleged victim of the harassment are male in this case, plaintiff's claim of harassment must fall under one of the three categories of same-sex sexual harassment set out in Bibby v. Philadelphia Coca Cola Bottling Company, 260 F.3d 257, 262 (3d Cir. 2001): (1) the harasser sexually desires the victim, (2) the harasser displays hostility to the presence of a particular sex in the workplace or (3) there is evidence that the harasser's conduct was motivated by a belief that the victim did not conform to gender stereotypes. In this case, plaintiff alleges that his harassers were motivated by the third

---

[1] The analysis of plaintiff's claims is the same under Title VII and the PHRA, therefore where Title VII is referenced here it may be assumed that the same analysis applies under the PHRA. See Weston v. Pa. Dep't of Corr., 251 F.3d 420, 426 n. 3 (3d Cir. 2001).

category: his not conforming to gender stereotypes. In order for plaintiff to make this claim plausible he must allege that "he failed to comply with societal stereotypes of how men ought to appear or behave." Id. All plaintiff need allege to survive a motion to dismiss is a "refusal to conform to a gender stereotype" and an allegation that this led to discrimination. Rachuna v. Best Fitness Corp., No. 1:13-cv-365, 2014 WL 1784446, at *7 (W.D. Pa May 5, 2014) (allegations that the defendant made crude sexual remarks and questioned the plaintiff about his sexual habits and that the defendant treated the plaintiff this way because he perceived him as not being "'masculine' enough" were sufficient for plaintiff to plausibly claim that he was discriminated against for not conforming to gender stereotypes).

Plaintiff must allege something more than mere remarks of a sexual nature to demonstrate discrimination due to non-compliance with gender stereotypes. See id.; see also Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 764 (6th Cir. 2006) (finding on appeal from a motion for judgment on the pleadings that "an individual does not make out a claim of sexual harassment 'merely because the words used have sexual content or connotations'"), quoting Oncale, 523 U.S. at 80; Johnson v. Hondo, Inc., 125 F.3d 408, 412 (7th Cir. 1997) (finding on appeal from a motion for summary judgment that "vulgar provocations having no causal relationship to [plaintiff's] gender" are not sufficient to show discrimination). Plaintiff fulfills this requirement by alleging that he was made fun of for "not cursing and engaging in crude banter like his fellow male-coworkers." Am. Compl. ¶ 15-18. This indicates (1) that plaintiff did not curse or engage in crude banter, (2) the males in the office considered this normal or stereotypical male behavior and (3) this lack of perceived maleness was the reason for plaintiff's being discriminated against. Additionally, as the use of feminine names and pronouns and vulgar name calling, "cast in female terms" has served as evidence of sex-based discrimination

in later stages of litigation, plaintiff's allegations that he was called "Mary" and "pussy" support his claim of discrimination for not fitting a male stereotype.  Am. Compl. ¶ 11-14;  see Nichols v. Azteca Rest. Enters., Inc. 256 F. 3d 864, 874 (9th Cir. 2001) (decided on appeal after a bench trial); see also E.E.O.C. v. Boh Bros. Const. Co., 731 F.3d 444, 455 (5th Cir. 2013) (finding on appeal following a jury trial that there was sufficient evidence to support a finding that "Wolfe harassed Woods because of sex" where "Wolfe called Woods sex-based epithets like 'fa—ot,' 'pu—y,' and 'princess,' often 'two to three times' per day").  There are sufficient facts alleged for plaintiff to plausibly claim he was discriminated against on the basis of sex.

Plaintiff must also demonstrate that the alleged discrimination was "severe or pervasive." Mellor, 2012 WL 1231845 at *3.  I may consider the question of whether discrimination was "severe or pervasive" simultaneous with the question of whether a person in like circumstances would have been detrimentally affected.  Jensen v. Potter, 435 F.3d 444, 448 (3d Cir. 2006), overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).  The Court of Appeals has stated that discrimination is severe or pervasive when it "alters the terms or conditions of the plaintiff's employment" by creating a "hostile work environment."  Id.  Factors to be considered in determining severity and pervasiveness and whether a reasonable person would be detrimentally affected include, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Id., quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Plaintiff alleges that he was consistently asked crude questions, told crude jokes, called obscene names, told obscene stories, physically threatened, had his work sabotaged and was mocked for not engaging in cursing and crude behavior himself.  Am. Compl. ¶ 11-14.  This is sufficient to plausibly

allege that plaintiff's work environment was hostile and that a reasonable person would have been detrimentally affected by such an environment. Further, plaintiff sufficiently alleges he was detrimentally affected by the conduct of those allegedly discriminating against him as he claims that he was threatened with firing and was actually fired as a result of the alleged discrimination, that his office was nearly broken into, that he felt his supervisors did not listen to his concerns and that the harassment of him worsened when he complained. Am. Compl. ¶ 25-39. These allegations are sufficient to allege plaintiff was detrimentally affected by defendant's alleged conduct. Cf. Hartman v. Sterling, No. 01-2630, 2003 WL 22358548, at *6 (E.D. Pa. Sept. 10, 2003) (finding on summary judgment that the plaintiff had established a genuine issue of material fact regarding her subjective perception of an abusive environment where she feared for her job and reputation because of the defendant's alleged threats); Sadler v. Cnty. of Bedford, No. 12-133, 2013 WL 3071743, at *5 (W.D. Pa. June 18, 2013) (finding the plaintiff had sufficiently alleged that discrimination was severe or pervasive where she claimed that the defendant had, inter alia, "changed Plaintiff's work schedule in a substantial way and refused to discuss Plaintiff's work schedule with her"). But see Molisee v. Securitas Sec. Servs., USA, Inc., No. 11-1056, 2012 WL 13698, at *7 (W.D. Pa. Jan. 4, 2012) (finding the defendant's "alleged threats to discharge the plaintiff" were "not so pervasive, severe, or intimidating that they rise to the level of an abusive work environment").

Finally, plaintiff must allege a basis for employer liability. Plaintiff alleges that he was harassed by "Bruce," who plaintiff identifies as a supervisor, and by other employees. Defendant Pennsylvania Steel Company's liability for plaintiff's harassment is assessed differently for harassment by supervisors and by other employees. Am. Compl. ¶ 15. The Supreme Court has held that "[i]f the harassing employee is the victim's co-worker, the

employer is liable only if it was negligent in controlling working conditions." Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013).  However, different rules apply for harassment by a supervisor:

> If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable.  But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

 Id. at 2439 (citations omitted).  An employee will be considered a supervisor only if "he or she is empowered by the employer to take tangible employment actions against the victim." Id. at 2453.  Therefore, Bruce will only be considered a supervisor for the purposes of the Title VII analysis if he was plaintiff's supervisor and could affect plaintiff's employment.  Plaintiff makes the conclusory assertion that Bruce is a supervisor; however, he alleges no facts to support Bruce's classification as a supervisor or to indicate that Bruce had the power to take adverse employment action against plaintiff or was involved in plaintiff's being fired. [2]  In addition, given that Bruce is alleged to have worked in the "shop" while plaintiff is alleged to have worked in the "office," it seems unlikely that Bruce was actually plaintiff's supervisor as required under Title VII.  Therefore, on the facts alleged I will analyze defendant's liability for the actions of all harassers, including Bruce, under the "employee" standard.  Defendant will be liable for the alleged actions of its employees only if it was negligent in controlling the working environment..

      An employer is negligent in controlling the working environment "if the employer knew

---

[2] Plaintiff does not state that Bruce is "his" supervisor merely that he is "a" supervisor.  Plaintiff identifies Rebecca Carmen as his supervisor. Am. Compl. ¶ 15, 23.

or reasonably should have known about the harassment but failed to take remedial action." Vance, 133 S. Ct. at 2441. Plaintiff alleges that he complained about being harassed to both his supervisor, Carmen, and to the owner of the facility, Dan McMullan, and therefore that they knew he was being harassed. Am. Compl. ¶ 23-24, 28-29. The only constructive advice plaintiff alleges he received was Carmen's instruction to lock his door, which plaintiff alleges only worsened the harassment and led to a reprimand from McMullan who barred plaintiff from locking his door and threatened to fire him if plaintiff was involved in another incident. Id. at 25-26, 28-29. Plaintiff does not allege that either Carmen or McMullan ever spoke to his harassers about their behavior or took any remedial actions to address plaintiff's complaints. Therefore, Plaintiff has alleged sufficient facts to plausibly claim that defendant was negligent in controlling his working conditions as he alleges defendant made no effort at all to address his complaints. Accordingly, I will deny defendant's motion to dismiss Count I.

**II.     Count II: Retaliation Claim Under Title VII**

Plaintiff claims that defendant fired him in retaliation for his having voiced objections to being sexually harassed and for having complained of harassment due to his defying traditional gender stereotypes. In order to demonstrate this plaintiff must allege that "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." Mellor, 2012 WL 1231845, at *4.

Defendant asks this Court to dismiss plaintiff's claim on the grounds that plaintiff has not engaged in a protected activity. I disagree with this contention. "[A]n employer [may not] 'discriminate against' an employee . . . because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." Burlington Northern, 548 U.S. at 56, quoting 42 U.S.C. § 2000e–

3(a).  Given that I find plaintiff has alleged sufficient facts to make out a plausible claim that he was being unlawfully discriminated against under Title VII, his complaints to his supervisors and coworkers function as opposition to a practice that is unlawful under Title VII and therefore his complaints function as protected acts.  See Barthold v. Briarleaf Nursing & Convalescent Cntr. Nursing Home, No. 13-2463, 2014 WL 2921534, at *6 (E.D. Pa. June 27, 2014) (finding that a plaintiff's complaints about unfair treatment are sufficient to allege a protected opposition activity if he references "a protected characteristic as the basis for the unfair treatment").  Defendant does not dispute that plaintiff suffered an adverse employment action nor does it challenge his allegations regarding the presence of a causal link between plaintiff's protected activity and his being fired.  However, I will briefly address these requirements for the sake of clarity.  Plaintiff plainly alleges that he was subject to an adverse employment action, being fired, and alleges four facts which in combination establish a plausible causal link between plaintiff's reporting of the harassment and his being fired.  First, plaintiff alleges that there were only four days between his last complaint to his supervisor and his being fired which is strong support for a causal connection given that a time of two days has been considered sufficient independent of other facts to support the inference of a causal connection.  Mellor, 2012 WL 1231845 at *4, citing Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989).  Second, plaintiff alleges that only days prior to his being fired he received a positive performance review from his supervisor.  Am. Compl. ¶ 33.  Third, plaintiff alleges that when he was fired he was told it was because he was the "common denominator" in workplace incidents which were a result of plaintiff's being harassed.  Id. at ¶ 39.  And fourth, plaintiff had been told when reporting harassment previously that if he was involved in further incidents he would be terminated.  Id. at ¶ 28.  Thus, it is plausible under the allegations made in the amended complaint that plaintiff's

opposition to a practice unlawful under Title VII was the cause of his being fired.  Accordingly, I will deny defendant's motion to dismiss Count II.

## CONCLUSION

For the reasons set forth more fully above, I will deny defendant's motion to dismiss.  An appropriate Order follows.